UNITED STATES of America, Plaintiff,

v.

Judith Kay LEVINSON, Elliot Lane Levinson, Equs Distributing, Inc., Defendants.

No. CR–S–91–040–PMP (LRL).

United States District Court, D. Nevada.

March 24, 1992.

See also 790 F.Supp. 1477.

**1484**

Carl Alexandre, William Wagner, Sp. Attys., Dept. of Justice, Las Vegas, Nev., for plaintiff.

John H. Weston, Clyde F. DeWitt, Weston, Sarno, Garrou & DeWitt, Beverly Hills, Cal., for defendants.

## ORDER

PRO, District Judge.

### I. FACTS

On February 20, 1991, Defendants Judith Levinson, Elliot Levinson, and Equs Distributing, Inc., were indicted for Conspiracy (18 U.S.C. § 371), Importation or Transportation of Obscene Materials (18 U.S.C. § 1462), and Aiding and Abetting (18 U.S.C. § 2). The Indictment charges that Defendants used a common carrier to send obscene videotapes from Agoura, California to Las Vegas. Defendants claim that they relied on local distributors to determine whether videos would be patently offensive to the average member of the Las Vegas community. Defendants seek permission to present evidence documenting a good faith reliance on community standards and to advance this position as an affirmative defense at trial.

Defendants filed their Motion re: Defendants' Affirmative Defense of Good Faith Mistake Regarding Community Standard (# 31) on June 14, 1991. On July 5, 1991, the United States filed its Opposition (# 43). Defendants filed their Reply (# 54) on August 9, 1991. On January 14, 1992, Magistrate Judge Leavitt issued an Order (# 83) granting Defendant's motion without elaboration. On March 5, 1992, the United States filed its Objections (# 91) and on March 19, 1992, Defendants filed a Response (# 92).

### II. STANDARD OF REVIEW

The Government's Objections are made pursuant to Rule 58(g)(2)(A) of the Federal Rules of Criminal Procedure and LR 510–2 of the Local Rules of Practice of the United States District Court for the District of Nevada. The Government's reliance on Rule 58 of the Federal Rules of Criminal Procedure is misplaced. Rule 58 relates to procedures for misdemeanors and other petty offenses, and Rule 58(g)(2)(A) pertains specifically to appeals in such cases. The Government's reliance on Local Rule 510–2 is closer to the mark as it relates to the review of matters which may not be finally determined by a Magistrate Judge in civil and criminal cases which is grounded in the provisions of 28 U.S.C. § 636(b)(1)(B). Whether Magistrate Judge Leavitt's ruling (# 83) is characterized as case dispositive pursuant to 28 U.S.C. § 636(b)(1)(B) or non-dispositive pursuant to 28 U.S.C. § 636(b)(1)(A) is significant as it dictates whether this Court should review Magistrate Judge Leavitt's Order under a *de novo* rather than clearly erroneous or contrary to law standard. Although the parties do not address the issue, the Court finds that because Defendants' original Motion (# 31) seeks "an order permitting them to present evidence establishing their lack of criminal intent based upon their reasonable and genuine belief that the materials alleged to be obscene in this case were within the relevant community standards of tolerance," and the Government seeks to preclude such evidence, the Motion before the Court is analogous to a motion to suppress evidence, thereby subject to review under the standards provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 510–2. The Court further finds, however, that even if Magistrate Judge Leavitt's Order (# 83) were subject to review under a clearly erroneous or contrary to law standard pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 510–1, the result would be the same for the reasons discussed *infra.*

### III. DISCUSSION

**A. Ninth Circuit *Kantor* decision.**

In seeking to present an affirmative defense of good faith mistake regarding community standards, Defendants rely chiefly on the recent Ninth Circuit case *United*

*States v. United States District Court (Kantor)*, 858 F.2d 534 (9th Cir.1988).

*Kantor* involved a prosecution based on the federal child pornography statute, 18 U.S.C. sec. 2251(a) (Supp. IV 1986), which prohibits the production of materials depicting a minor engaged in sexually explicit conduct. The Ninth Circuit issued a Writ of Mandamus directing the trial judge to allow defendants to present testimony that they reasonably believed that a 16–year-old "actress" was 18 or older. The Court held that the government had to prove beyond a reasonable doubt that the defendants possessed a requisite level of scienter as to the actors' ages as part of its prima facie case even though the relevant statute imposed strict liability with regard to the age of the actors:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, ... any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, shall be punished as provided under subsection (d), if such person knows or has reason to know that such visual depiction will be transported in interstate or foreign commerce or mailed, or if such visual depiction has actually been transported in interstate or foreign commerce or mailed.

18 U.S.C. § 2251(a) (Supp. IV 1986). Despite the clear language of the statute, the Ninth Circuit held that the affirmative defense sought by the defendants was required by the free speech and press clause of the First Amendment. The Court expressed concern that "in regulating unprotected speech, Congress does not also chill speech that is protected." *Kantor* at 538 (citing *Bose Corp. v. Consumers Union of the United States, Inc.*, 466 U.S. 485, 505, 508, 104 S.Ct. 1949, 1962, 1963, 80 L.Ed.2d 502 (1984)).

The Court in *Kantor* correctly noted that chilling protected speech has long been a concern of the Supreme Court. In *Smith v. California*, 361 U.S. 147, 153–54, 80 S.Ct. 215, 219, 4 L.Ed.2d 205 (1959), the Court struck down an ordinance that imposed strict criminal liability on a bookseller for possession of an obscene book, finding that strict liability would "have the collateral effect of inhibiting the freedom of expression, by making the individual the more reluctant to exercise it." *Id.* at 151, 80 S.Ct. at 217. The Supreme Court also noted that "[t]he bookseller's self-censorship [in the face of strict liability], compelled by the State, would be a censorship affecting the whole public, hardly less virulent for being privately administered. Through it, the distribution of all books, both obscene and not obscene, would be impeded." *Id.* at 153–54, 80 S.Ct. at 219.

Another factor cited by the *Kantor* Court in issuing the Writ was that, because chronological age cannot be precisely determined from appearance, older actors who look young might not be able to find work if producers of allegedly pornographic films were held strictly liable for hiring children.

Ultimately, the Ninth Circuit stated, "[a]s we read the constitutional requirement, the defense need be only a very narrow one: A defendant may avoid conviction only by showing, by clear and convincing evidence, that he did not know, and could not reasonably have learned, that the actor or actress was under 18 years of age." *Id.* at 543 (notes omitted).

Defendants now move the Court for a similar ruling: that they are allowed to present evidence that they had a reasonable, good-faith belief that the videos in question were not patently offensive to the average member of the contemporary Las Vegas community.

B. Supreme Court's rejection of scienter requirement.

In *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), the Supreme Court formulated the current test for obscenity:

> The basic guidelines for the trier of fact must be: (a) whether 'the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest ...; (b) whether the work de-

picts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value.

413 U.S. at 24, 93 S.Ct. at 2615. The *Miller* test has been reaffirmed by the Supreme Court on several occasions. *See, e.g., Hamling v. United States*, 418 U.S. 87, 111, 94 S.Ct. 2887, 2904, 41 L.Ed.2d 590 (1974). In *Hamling*, the Court reviewed its historical treatment of obscenity statutes in rejecting a vagueness challenge to 18 U.S.C. sec. 1461.[1] It reiterated the language in *Roth v. United States*, where the Court stated,

> Many decisions have recognized that these terms of obscenity statutes are not precise. This Court, however, has consistently held that the lack of precision is not itself offensive to the requirements of due process. '... [T]he Constitution does not require impossible standards'; all that is required is that the language 'conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices....' *United States v. Petrillo*, 332 U.S. 1, 7–8 [67 S.Ct. 1538, 1542, 91 L.Ed. 1877]. These words, applied according to the proper standard for judging obscenity, already discussed, give adequate warning of the conduct proscribed and mark '... boundaries sufficiently distinct for judges and juries fairly to administer the law.... That there may be marginal cases in which it is difficult to determine the side of the line on which a particular fact situation falls is no sufficient reason to hold the language too ambiguous to define a criminal offense....' *Id.*, at 7 [67 S.Ct. at 1542].

*Roth v. United States*, 354 U.S. 476, 491–92, 77 S.Ct. 1304, 1312, 1 L.Ed.2d 1498 (1957) (footnote omitted) (quoted in *Hamling*, 418 U.S. at 111, 94 S.Ct. at 2904).

More specifically, the *Hamling* Court rejected a contention that, in order to have a constitutionally valid conviction, the government must prove that the defendants knew the materials mailed were obscene. 418 U.S. at 119, 94 S.Ct. at 2909. During the *Hamling* obscenity trial, the district court judge had instructed the jury that the Government had to demonstrate petitioners "knew the envelopes and packages containing the subject materials were mailed or placed ... in Interstate Commerce, and ... that they had knowledge of the character or the materials." *Id.* at 119–20, 94 S.Ct. at 2909. The District Court further instructed the jury that the defendants' *"belief as to the obscenity or non-obscenity of the material is irrelevant."* *Id.* at 120, 94 S.Ct. at 2909 (emphasis added). The Supreme Court found that the instruction was proper. In doing so, the Court recognized that " '[t]he evils that Congress sought to remedy would continue and increase in volume if the belief of the accused as to what was obscene, lewd, and lascivious was recognized as the test for determining whether the statute has been violated.' " *Hamling*, 418 U.S. at 120–21, 94 S.Ct. at 2909 (quoting *Rosen v. United States*, 161 U.S. 29, 41, 16 S.Ct. 434, 438, 40 L.Ed. 606 (1896)). Thus, the Supreme Court specifically rejected the notion that the prosecution must prove that the defendants knew the legal status of the materials they distributed. *Id.* at 121, 94 S.Ct. at 2909. The Court continued:

> It is constitutionally sufficient that the prosecution show that a defendant had knowledge of the contents of the materials he distributed, and that he knew the character and nature of the materials. To require proof of a defendant's knowledge of the legal status of the materials would permit the defendant to avoid prosecution by simply claiming that he had not brushed up on the law. Such a formulation of the scienter requirement is required neither by the language of 18 U.S.C. sec. 1461 nor by the Constitution.

*Id.* at 123–24, 94 S.Ct. at 2910–11.

■ In this case, Defendants request to be allowed to present evidence of their

---

**1.** Section 1461 is the companion statute to section 1462, the statute under which Defendants were indicted.

"good faith belief" that the videos would not be patently offensive to the average member of the contemporary Las Vegas community. The Court finds that this is merely another way of attempting to present evidence that Defendants did not have scienter as to the legal status of the videos as obscene. The "fact" about which Defendants are claiming to have been mistaken is a fact only in the sense that the jury must decide it. It is not independently or objectively verifiable as is the factual question as to whether an actress is 18 years old. Defendants recognize this dilemma in their moving papers: "The obscenity offense, and most notably the 'community standards' component of the *Miller* test, is … intractably subjective: it is *impossible* for a distributor of erotic materials to ascertain in advance whether a prosecutor, judge, or jury may in the future deem those materials offensive under the amorphous notion of 'community standards.'" Motion (# 31) at 11 (emphasis in the original).

At the time of trial, the Government will bear the burden of proving that the videos in question were patently offensive to the average member of the Las Vegas community, to wit: obscene. Certainly Defendants may challenge the Government's proof in this regard at trial, but not by evidence that they in good faith did not believe the videos would be considered obscene.

## ORDER

IT IS THEREFORE ORDERED that the Government's Objection (# 91) to Magistrate Judge Leavitt's Order (# 83) of January 14, 1992, must be sustained and that Magistrate Judge Leavitt's Order (# 83) must be reversed to the extent that Defendants' Motion Re Defendants' Affirmative Defense of Good Faith Mistake Regarding Community Standards (# 31) is hereby denied.